UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL JUNE PRITCHETT,

    Plaintiff,

v.                                      Case No. 1:12-cv-1006
                                      Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born on September 25, 1950 (AR 137).[1] She alleged a disability onset date of October 12, 2005, which was later amended to December 1, 2008 (AR 10, 137, 153). Plaintiff graduated from high school and had previous employment as a bookkeeper in a government office and the co-owner of a retail pet store (AR 172). Plaintiff identified her disabling conditions as:

> Fibromyalgia, Costochronditis (causing chest pain), Severe obstructive sleep apnea, Depression, Anxiety, Hypertension, Arthritis [and] Debilitating fatigue. Chronic joint and chest pain caused by Fibromyalgia. The pain is in my chest, neck, hands, between my shoulders, knees and hips. I have trouble concentrating and experience Irritable Bowel. My stomach is chemical sensitive. I have experienced severe chest pain as often as 3-5 times a day since 1993. I always have an "ache" in my chest, other times it becomes more severe and feels like a heart attack (costochrondritis) I must lie down for a mi. of 30 min until the pain subsides.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

(AR 171).

The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a partially-favorable written decision on February 8, 2011 (AR 10-22). The ALJ found that plaintiff was disabled as of February 1, 2009, but was not disabled prior to that date (AR 21-22). The ALJ clarified that for purposes of DIB, plaintiff was not disabled through December 31, 2008 (her date last insured for DIB), and that for purposes of SSI her disability commenced on February 1, 2009 (AR 21-22). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in

the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity

3

(determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

The ALJ initially found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of December 1, 2008 and that she met the insured status requirements under the Act through December 31, 2008 (AR 12).[2] Second, the ALJ found that since the alleged onset date of December 1, 2008, plaintiff had the following severe impairments: costochondritis; fibromyalgia; sleep apnea; and obesity(AR 13). At the third step, the ALJ found that since the alleged onset date, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 14).[3] Specifically, plaintiff did not meet the requirements of Listing 14.06 (undifferentiated and mixed connective tissue disease) (AR 14).

The ALJ made two findings regarding plaintiff's residual functional capacity (RFC)

---

[2] Plaintiff testified that she continued to work at the store until it was closed down on October 31, 2009 (AR 40-41). However, the ALJ found that plaintiff's work performed after the onset date did not rise to the level of substantial gainful activity (AR 12).

[3] The Court notes that at this step, the ALJ mistakenly referred to the original alleged onset date of October 12, 2005 (AR 14).

4

at the fourth step. Prior to February 1, 2009, plaintiff "had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant could no more than frequently reach overhead or use her upper extremities for fine or gross manipulation" (AR 14). The ALJ also found that prior to February 1, 2009, plaintiff was capable of performing her past relevant work as a bookkeeper, work which did not require the performance of work-related activities precluded by her RFC (AR 20). Accordingly, plaintiff was not disabled prior to February 1, 2009.

Beginning February 1, 2009, plaintiff had a more restrictive RFC which was work preclusive. Specifically, the ALJ found that plaintiff had the RFC:

> . . . to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can no more than frequently reach overhead or use her upper extremities for fine or gross manipulation. However, due to the claimant's severe physical impairments, she is unable to engage in work activity on a regular and continuing basis, meaning 8 hours a day, for 5 days a week, for a 40-hour workweek, or an equivalent work schedule.

(AR 19). This more restrictive RFC prevented plaintiff from being able to perform her past relevant work (AR 21). At the fifth step, the ALJ determined that since February 1, 2009, considering plaintiff's age, education, work experience, and RFC, "there are no jobs that exist in significant numbers in the national economy that [she] can perform" (AR 21). The ALJ further stated that, "Even if the claimant had the residual functional capacity for the full range of light work, considering the claimant's age, education, and work experience, a finding of 'disabled' is directed by Medical-Vocational Rule 202.06" (AR 21).

Accordingly, the ALJ made two determinations. First, with respect to her claim for DIB, plaintiff was not under a disability, as defined in the Social Security Act, at any time through December 31, 2008, the date last insured (AR 21). Second, with respect to her claim for SSI, "

5

[plaintiff] was not disabled prior to February 1, 2009 but became disabled on that date and has continued to be disabled through the date of this decision [February 8, 2011]" (AR 22) (citations omitted).

### III. ANALYSIS

Plaintiff raised the following issue (with three sub-issues) on appeal:

**The decision by the Administrative Law Judge that plaintiff was not entitled to Social Security benefits after December 1, 2008, was not supported by substantial evidence.**

> **A. The ALJ committed reversible error by not properly construing the medical evidence with regard to evaluating disability before her significant medical treatment.**

Plaintiff contends that the ALJ erred in denying plaintiff's claim for DIB because she did not receive any significant medical care until February 2009, approximately two months after her date last insured (December 31, 2008). Plaintiff's claim is without merit. The ALJ addressed this issue as follows:

> At the onset, I observe that I am very aware of the claimant's date last insured, but after careful consideration I conclude that the record lacks credible evidence to support a finding of disability earlier than February 1, 2009. The claimant has amended her alleged onset of disability to December 1, 2008, but the record does not document any medical development at that time. The only apparent significance of the month of December 2008 is that that is the last month in which the claimant enjoyed insured status for disability insurance benefits purposes. At the hearing the claimant consistently described a sudden worsening of her symptoms in early 2009, as opposed to late 2008. The medical evidence shows that the claimant sought treatment for chest pain on March 30, 2009, but does not document any such treatment throughout 2008. In assigning a February 1, 2009, onset date of disability, I am giving the claimant the benefit of the doubt in concluding that her symptoms began a month or two before she sought treatment in March 2009, but in light of the evidence as a whole, I am unwilling to extend that date further solely for the purpose of awarding disability insurance benefits instead of supplemental security income.

(AR 15).

6

Plaintiff testified that she could no longer work at her pet store due to chest pains which occurred around January or February 2009 (AR 41-44). While plaintiff did not seek medical attention at that time because she did not have insurance, she recalled receiving treatments in March 2009 (AR 44-45). While plaintiff could not pinpoint an exact date, her testimony established that she became disabled in either January, February or March 2009 (41-57). Based on plaintiff's own admissions, her disabling conditions did not occur until after her date last insured of December 31, 2008. Accordingly, plaintiff's claim of error will be denied.

> B. **The ALJ committed reversible error by failing to consider all of the vocational factors which impacted Plaintiff's ability to perform substantial gainful activity.**

Plaintiff contends that "the vocational expert was not asked and thus did not testify about the effect that Plaintiff's severe obstructive sleep apnea and both the fatigue and the need to periodically recline which resulted from that condition would have on her ability to work." Plaintiff's Brief at p. 13. Plaintiff's claim is without merit. The ALJ found plaintiff not disabled at step four of the sequential evaluation. It is the claimant's burden at the fourth step of the sequential evaluation to show an inability to return to any past relevant work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). To support a finding that a claimant can perform his or her past relevant work, the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job as actually performed or as ordinarily required by employers throughout the national economy. *See Studaway v. Secretary of Health & Human Services*, 815 F.2d 1074, 1076 (6th Cir.1987); *see also* 20 C.F.R. § 404.1565. A vocational expert's (VE's) testimony is not required when the ALJ determines that a claimant is not disabled at step four of the sequential evaluation. *See Banks v. Massanari*, 258 F.3d 820, 827 (8th Cir.2001) (vocational expert testimony is not

required until step five of the sequential analysis); *Parker v. Secretary of Health and Human Servs.*, 935 F.2d 270, 1991 WL 100547 at *3 (6th Cir.1991); *D'Angelo* , 475 F.Supp.2d at 724. However, the ALJ may use a VE's services in determining whether a claimant can perform his past relevant work. *See* 20 C.F.R. § 404.1560(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy"). *See, e.g., Dukes v. Barnhart*, 436 F.3d 923, 928 (8th Cir.2006) (observing that the ALJ may use a VE's "expert advice" to assist him in deciding whether the claimant can perform his past relevant work at step four of the evaluation); *D'Angelo*, 475 F. Supp.2d at 724.

Here, the ALJ utilized the VE's testimony as "expert advice" regarding the requirements of plaintiff's past relevant work, i.e., the exertional level of plaintiff's past work as a bookkeeper and pet store owner (AR 72-75), in finding her not disabled prior to February, 2009. While plaintiff apparently contends that the ALJ's hypothetical question to the VE was flawed for failing to address her sleep apnea and need to nap and recline, this claim is irrelevant because the ALJ never posed a hypothetical question to the VE (AR 70-77). Furthermore, the ALJ's finding of disability post-February 1, 2009, was based upon plaintiff's work preclusive RFC and a finding that she was "disabled" under grid Rule 202.06 (AR 21). Accordingly, plaintiff's claim is denied.

    **C. The ALJ did not properly consider the evidence from third parties.**

Plaintiff contends that the ALJ failed to take into account "a number of customer affidavits/letters regarding their need to assist Plaintiff with her duties at the pet food store." Plaintiff's Brief at p. 14. Specifically, plaintiff points to an undated letter from Georgina E. Miller stating: that she was a former customer of plaintiff's pet store; that she was in the store many times;

that she witnessed plaintiff having "great difficulty trying to stock the shelves;" that plaintiff would experience chest pain and have to sit or lie down; that plaintiff would be breathless; and that she (Georgina) would help her "by stocking and lifting the heavy boxes that she could not handle" (AR 215). Plaintiff also refers to an undated letter from Margaret Van Hoevan, a friend of plaintiff's, who stated that if plaintiff suffered from episodes and chest pain, she (Margaret) could be at the store within five minutes or less and stay with her until the episode became more manageable or subsided (AR 217).

The ALJ addressed the third party evidence as follows:

> I have also considered the reports from the claimant's customers that have been submitted to the record, but find that they do not corroborate an onset date earlier than 2009. Iris Garrison reported that she saw the claimant out of breath and having chest pains and that she helped the claimant complete her work, but she reports this occurred in the late summer and fall of 2009 (Exhibit 11/E2). Georgia E. Miller also reported that she saw the claimant breathless and helped her stock shelves, but did not provide a date as to when this occurred (Exhibits 11E/1). Margaret Van Hoeven reported that she saw the claimant in pain and helped her and that she has known the claimant for five years, but also reported that she helped the claimant after her health declined, indicating the claimant was at one point able to manage the store by herself (Exhibit 11E/3). As of this time, all evidence indicates that the claimant's health had not declined to the level that she needed help until early 2009, and Ms. Van Hoeven's report does not contradict this.

(AR 18).

"The testimony of lay witnesses . . . is entitled to perceptible weight only if it is fully supported by the reports of the treating physicians." *Simons v. Barnhart*, 114 Fed.Appx. 727, 733 (6th Cir. 2004), citing *Lashley v. Secretary of Social Security*, 708 F.2d 1048, 1054 (6th Cir.1983). The ALJ reviewed the third party evidence and found that this evidence did not corroborate plaintiff's claim that she became disabled before February 1, 2009. It is undisputed that plaintiff suffered from disabling symptoms early in 2009. Unfortunately, the letters from plaintiff's

9

customers and friends do not establish that plaintiff was suffering from those symptoms prior to February 1, 2009. The ALJ properly accounted for this evidence. Accordingly, plaintiff's claim of error will be denied.

### IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be affirmed pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated: March 28, 2014 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge